TODD KIM
Assistant Attorney General
MICHELLE-ANN C. WILLIAMS (MD Bar)
PAUL A. TURCKE (Idaho Bar No. 4759)
Trial Attorneys, U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone:  (202) 305-0420 (Williams)
             (202) 353-1389 (Turcke)
Fax: (202) 305-0506
Email: michelle-ann.williams@usdoj.gov
       paul.turcke@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DONALD ALT, *et al.*, <br><br> Plaintiffs <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants. | Case No: 3:21-cv-00353-RCJ-CLB <br><br> **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** |

This matter is before the Court on Defendants Motion to Dismiss.  *See* ECF No. 9. Plaintiffs' response to the motion was filed on November 9, 2021.  *See* Pls.' Opp'n to Defs.' Mot. to Dismiss, ECF No. 13 ("Pls.' Opp'n").  Plaintiffs fail to establish jurisdiction.  The Court should grant Defendants' motion and dismiss this case.

**INTRODUCTION**

As Defendants have explained, the Administrative Procedure Act ("APA") dictates the type of agency action that is judicially reviewable, when it is reviewable, the scope of review permitted, and the standard to be applied by a reviewing court.  5 U.S.C. §§ 701-706.  Relevant

here, a plaintiff challenging the Department of the Interior's management of grazing on federal lands must invoke the APA's waiver of sovereign immunity, 5 U.S.C. § 702, and must direct its challenge at final agency action, *id.* § 704.  Because Plaintiffs' Petition for a Writ of Prohibition does not satisfy these requirements, it must be dismissed.

Tellingly, Plaintiffs do not directly respond to Defendants' jurisdictional arguments.  Instead, they argue that they acquired an inalienable "permanent grazing right" that was confirmed by the federal government in a 1962 "adjudication."  Pls.' Opp'n at 10-11; *see also* Petition at 2, ECF No. 1 (describing Donald Alt's 1999 purchase of a "preference right" in the Allotment "under a valid lawful contract, in fee simple").  Thus, Plaintiffs suggest that their "permanent grazing right" supersedes any contrary federal interest in the Allotment and should foreclose future federal administration of, or inquiry into, their exercise of that right.  Pls.' Opp'n at 13.  And while it was Toby Alt's choice to seek administrative review of BLM's decision, Plaintiffs now seek a writ from this Court prohibiting the completion of that review for fear that such a decision may infringe on Plaintiffs' alleged property right.  *See* Petition at 6.

This Court should decline Plaintiffs' invitation to ignore the APA's jurisdictional limitations.  The Department of the Interior plainly has the authority to administer livestock grazing on federally-owned lands.  It exercises this authority through a detailed regulatory scheme that allows, but does not require, an aggrieved permittee to seek administrative review of agency actions.  And, should Plaintiffs disagree with the Department of the Interior's final decision following resolution of Toby Alt's administrative appeal, Plaintiffs will have the opportunity at that time to seek judicial review under the APA's judicial review procedures.  Until then, Plaintiffs have no valid means of seeking preemptory judicial review and their Petition should be dismissed.

**ARGUMENT**

There is a well-established system for regulation of livestock grazing on BLM-managed lands.[1] *See e.g. Corrigan v. Haaland*, 12 F.4th 901 (9th Cir. 2021); *United States v. Bundy*, No. 2:12-cv-0804-LDG-GWF, 2013 WL 3463610 (D. Nev. July 9, 2013); *Smithsfork Grazing Ass'n v. Salazar*, 564 F.3d 1210 (10th Cir. 2009).  Plaintiffs received and for years operated under permits issued through that regulatory system, but through their volitional choices they eventually lost the federal land grazing preference underlying this dispute.  After initially pursuing administrative remedies before the Department of the Interior Office of Hearings and Appeals,[2] they now abruptly seek to rescind those efforts and question the legitimacy of the regulatory system and Defendants' management authority.  Although Plaintiffs' theories are invalid, the Court need not address them here because Plaintiffs have not and cannot meet threshold jurisdictional requirements in even bringing them before this Court.  The Court should dismiss the Petition for Writ of Prohibition.

---

[1]   The BLM grazing regulations are located at 43 C.F.R. Part 4100.  Those regulations were last amended in August 2006, but implementation of the 2006 regulations has been enjoined in all respects.  *See W. Watersheds Project v. Kraayenbrink*, 538 F. Supp. 2d 1302 (D. Idaho), *aff'd in relevant part*, 632 F.3d 472 (9th Cir. 2011), *cert. denied*, 565 U.S. 928 (2011).  The prior regulations therefore remain in effect.

[2]   The authority, organization and procedures of the Office of Hearings and Appeals ("OHA") are described in 43 C.F.R. Pt. 4.  OHA exercises the authority of the Secretary of Interior to hear, consider, and decide matters "within the jurisdiction of the Department involving hearings, appeals, and other review functions of the Secretary."  43 C.F.R. § 4.1.  OHA includes "divisions" consisting of administrative law judges ("ALJs") authorized to conduct hearings and resolve cases.  *Id.* § (a); *see e.g.* Order dated Sept. 29, 2020, ECF No. 9-2.  OHA also includes "appeals boards" that "decide[ ] finally for the Department" appeals from decisions by agency officials, including ALJs.  43 C.F.R. § 4.1(b)(2) (Interior Board of Land Appeals).  Part 4 outlines OHA's general procedures, as well more specific grazing procedures.  *See* 43 C.F.R. §§ 4.470 – 4.480.

### I. Plaintiffs Have Not Identified a Legally Cognizable Injury

Plaintiffs cannot begin to satisfy the fundamental jurisdictional requirement of standing without showing they have suffered a legally cognizable injury-in-fact. *See* Defs.' Mot. to Dismiss at 14-17, ECF No. 9 ("Defs.' Mot.").

Plaintiffs seemingly rely on the premise that they will suffer some injury if the Interior Board of Land Appeals ("IBLA") rules on Toby Alt's pending appeal. This premise is incorrect. Presumably, Plaintiffs will not complain if the IBLA rules in their favor and reverses the ALJ. Conversely, if the IBLA upholds the ALJ's dismissal of the appeal Plaintiffs will, at that time, be entitled to seek judicial review of BLM's underlying decision. Whether one pursues administrative review and suffers an adverse decision from the IBLA is of little effect in subsequent judicial review. A reviewing court will conduct de novo review "and will reverse the IBLA's decision only if that decision is arbitrary, capricious, not supported by substantial evidence, or contrary to law." *Hjelvik v. Babbitt,* 198 F.3d 1072, 1074 (9th Cir. 1999); *see also*; *Hoyl v. Babbitt*, 129 F.3d 1377, 1382 (10th Cir. 1997) ("[o]ur review of the IBLA's decision is de novo"); *accord Noble Energy, Inc. v. Salazar*, 691 F. Supp. 2d 14, 21 (D.D.C. 2010).

Plaintiffs seem to think they need a writ of prohibition from this Court to avert a legal *coup de grace* from the IBLA. There is no basis for that fear. A ruling by the IBLA will not adversely alter the status quo for Plaintiffs, nor will it infringe upon any party's right to seek subsequent judicial review. Plaintiffs identify no legally cognizable injury they have suffered or are about to suffer that would confer standing to seek a writ of prohibition in this Court.

### II. Plaintiffs Have Not Met Their Burden Under The APA

Plaintiffs must additionally invoke a statutory right of action and satisfy the requirements of a recognized waiver of sovereign immunity to bring this action against agencies and officers

of the United States.  In a dispute involving BLM administration of livestock grazing, that right of action and waiver is provided by the APA.  *See e.g. Corrigan*, 12 F.4th at 906-08.  The APA does not contemplate a generalized airing of grievances against a federal agency, but requires a plaintiff to "direct its attack against some particular 'agency action' that causes it harm."  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 891(1990).  That "agency action" must be final agency action.  *See* Defs.' Mot. at 17-18.  Because Plaintiffs disregard their jurisdictional burden, this case should be dismissed.

Plaintiffs' Petition fails to challenge any agency action, let alone a final one.  *See* Defs.' Mot at 18.  The Petition instead seems designed to prevent Defendants from committing unspecified future acts implicating "constitutional issues" that, if unrestrained, "would constitute a manifest injustice" and "set a dangerous precedent[.]"  Petition ¶¶ 26, 28.  But Plaintiffs offer no response to the finality requirement and no such unspecified act has yet occurred, because the IBLA has not yet ruled on Plaintiffs' administrative appeal.  Plaintiffs therefore fail to respond to their burden of identifying a final agency action that they might properly challenge before this Court.

Plaintiffs, moreover, cannot evade the above requirements by petitioning for a writ of prohibition under Nevada state law.  As Defendants have explained, Plaintiffs cannot invoke a state statute in federal district court.  *See* Pls.' Opp'n at 8-9; Defs.' Mot. at 19-20.  Even if Plaintiffs were to rely on the federal All Writs Act, their arguments fail because that Act does not empower a district court to take action in a proceeding over which it lacks jurisdiction.  It provides "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a) (emphasis added).  A court's authority to issue any writ

"is contingent on that court's subject-matter jurisdiction over the case or controversy." *United States v. Denedo*, 556 U.S. 904, 911 (2009). The All Writs Act itself does not "operate to confer jurisdiction since it may be invoked by the district court only in aid of jurisdiction which it already has." *Benson v. State Bd. of Parole & Prob.*, 384 F.2d 238, 239 (9th Cir. 1967) (internal alteration and citation omitted), *cert. denied*, 391 U.S. 954 (1968). The Act "is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985).

In the context of this suit, it is the APA that "carrie[s] forward the traditional practice prior to its passage" contemplated by the All Writs Act. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004). Thus, even though Plaintiffs purport to simply seek a writ of prohibition, that request requires them to proceed under the APA. Because Plaintiffs have not satisfied the APA's jurisdictional requirements, their Petition must be dismissed.

### III.   Plaintiffs Have Not Properly Asserted a Claimed Property Right

Insofar as Plaintiffs may seek to establish the scope of whatever property rights they allegedly hold in the Stockton Flat Allotment under the referenced "1962 adjudication," their Petition fails for the additional reason that they have failed to invoke and abide by the pleading requirements in the federal Quiet Title Act ("QTA").[3]

---

[3]   It is true that "[c]ourts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003). However, construing Plaintiffs' pleadings liberally does not equate to giving them a free pass on the essential requirements of establishing and maintaining jurisdiction. Indeed, the Court must independently scrutinize its jurisdiction, and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). It should not be necessary to convert this motion to one for summary judgment. Jurisdictional facts are properly before the Court. *See Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939,

Plaintiffs attempt here to vindicate "the rights granted under the [1962] adjudication as a matter of a fee simple purchase recognized as a valid contract under Nevada law." Pls.' Opp'n at 17. Elsewhere, Plaintiffs assert that Donald Alt holds "the assignment of the grazing right under the 1962 adjudication as an individual right" in the "class of an estate[.]" *Id*. at 19-21. But the QTA is the "exclusive means by which adverse claimants [may] challenge the United States' title to real property." *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286-87 (1983); *see also Duval Ranching Co. v. Glickman*, 965 F. Supp. 1427, 1444 (D. Nev. 1997). The QTA's waiver of sovereign immunity must be strictly construed and is expressly limited by a number of conditions. *See United States v. Mottaz*, 476 U.S. 834, 841 (1986). Any quiet title claim must "set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property." 28 U.S.C. § 2409a(d). Further, the QTA requires that a claimant commence an action within twelve years of its accrual. *See* § 28 U.S.C. § 2409a(g).[4] Finally, with respect to successful quiet title actions, the QTA makes clear that, "if the final determination shall be adverse to the United States, the United States nevertheless may retain such possession or control of the real property" upon payment of just compensation. *See* § 2409a(b).

---

944-45 (9th Cir. 2021). Plaintiffs fail to meet the Rule 12(b)(1) threshold for subject matter jurisdiction and the Court is empowered on this record to dismiss the Petition.

[4]   An action is deemed to have accrued when one is subjected to assertions of the government's proprietary authority, such as restrictions on access or being required to submit a "plan of operations." *Alleman v. United States*, 372 F. Supp. 2d 1212, 1228 (D. Or. 2005); *see also Wilkins v. United States*, No. 20-35745, 2021 WL 4200563, at *2 (9th Cir. Sept. 15, 2021). Plaintiffs have recognized BLM's authority to administer livestock grazing on the Stockton Flat Allotment since at least as early as 1998. *See* Order dated Sept. 29, 2020 at 1, ECF No. 9-2.

Because Plaintiffs fail to invoke the QTA or abide by any of its pleading requirements, their contentions regarding the scope of any easement or other property interest they may hold in the Stockton Flat Allotment are not properly before the Court. It bears noting, however, that Plaintiffs would fail to state a claim even if they had invoked the QTA, because the 1962 document they reference could not plausibly support Plaintiffs' alleged title interest. That document issued well after the 1934 adoption of the Taylor Grazing Act, which makes clear that recognition of grazing privileges "shall not create any right, title, interest, or estate in or to the lands." 43 U.S.C. § 315b. The 1962 document is a "notice" – not a "judgment" or "adjudication" or recognition of any property right. Pls.' Opp'n, Ex. D, ECF No. 13-1 at 36. And nothing in the Notice purports to establish a permanent grazing right or preference right. To the contrary, the Notice specifically refers to grazing "privileges" and contemplates "future adjustments in grazing use" based upon "studies of range condition, trend and utilization" in the Allotment. *Id*. Rather than decreeing an irreducible level of use, the Notice appears to have cut historical use since the Cardelli Ranch demand was found to be 270 animal unit months ("AUMs") but the "adjusted grazing privileges" were set at 225 AUMs. *Id*. at 37. In short, the apparent linchpin of Plaintiffs' case does not convey permanent title to a grazing preference or any other property interest. It instead reflects an exercise of administrative discretion wholly consistent with the regulatory framework of the era.

## CONCLUSION

For the foregoing reasons and those presented in their motion, Defendants respectfully request that the Court dismiss Plaintiffs' Petition for a Writ of Prohibition pursuant to Fed. R. Civ. P. 12(b)(1) or, alternatively, Fed. R. Civ. P. 12(b)(6).

November 16, 2021                          Respectfully submitted,

               TODD KIM
               Assistant Attorney General

               */s/ Paul A. Turcke*
               PAUL A. TURCKE

               *Counsel for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2021, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, District of Nevada, using the Court's electronic case filing system. I also hereby certify that I mailed the foregoing by Federal Express overnight mail to the following:

 Donald Alt
 3945 Cypress Street
 Silver Springs, NV 89429

 Toby Alt
 376 Lakeport Drive
 Spring Creek, NV 89815

               */s/ Paul A. Turcke*
               PAUL A. TURCKE