TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

PAUL A. TURCKE (Idaho Bar No. 4759)
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone:  (202) 353-1389
Fax: (202) 305-0275
Email: paul.turcke@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DONALD ALT, | ) |
| | ) |
| Plaintiff, | ) Case No: 3:21-cv-00353-RCJ-CLB |
| | ) |
| v. | ) |
| | ) **UNOPPOSED MOTION TO EXEND TIME** |
| UNITED STATES OF AMERICA, *et al.*, | ) **TO RESPOND TO AMENDED** |
| | ) **COMPLAINT (First Request)** |
| Defendants. | ) |
| | ) |

In accordance with Local Rule IA 6-1 Defendants hereby request a sixty-day extension of time to answer or otherwise respond to Plaintiff's Amended Complaint. The Amended Complaint (ECF No. 21) was served on Defendants' counsel via the Electronic Case Filing system on June 10, 2022. Under Fed. R. Civ. P. 15(a)(3) a response to the amended complaint is presently due on June 24, 2022. Defendants seek a sixty-day extension of this deadline, until August 23, 2022. This is Defendants' first motion to extend the deadline to answer or respond to the Amended Complaint.

Donald Alt and Toby Alt, proceeding *pro se*, initiated this action by filing a Petition for Writ of Prohibition on August 12, 2021.  *See* ECF No. 1.  Defendants moved to dismiss that filing on various jurisdictional grounds.  *See* ECF No. 9.  The Court ruled that Plaintiffs' filing, construed liberally, did assert federal question jurisdiction under 28 U.S.C. § 1331.  Order 9, ECF No. 20.  The Court found, in this dispute involving a livestock grazing preference administered by Defendant U.S. Bureau of Land Management (BLM), that the "most relevant avenue by which the Alts could potentially bring a complaint against the Defendants" appeared to be through the waiver of sovereign immunity in the Administrative Procedure Act, 5 U.S.C. §§ 701-706 (APA).  *Id*. 15.  The Court ruled that the Alts' Petition had not stated a legally cognizable claim, and dismissed any claim under Nevada law with prejudice.  *Id*. 17.  However, the Court determined that it "cannot find that the Alts would be unable to amend their complaint to state a cognizable APA claim that seeks judicial review of a final agency action that has been taken by the Defendants' relative to the disputed grazing preference."  *Id*.  The Court thus dismissed the remainder of the Petition, "but with leave to file an amended complaint alleging a cognizable claim for judicial review under the APA" and provided 30 days in which to file such an amended complaint.  *Id*.

Plaintiff Donald Alt, again proceeding *pro se*, thereafter filed the Amended Complaint, which Defendants received through the Electronic Case Filing system on June 10, 2022.  The Amended Complaint's factual allegations largely address a federal highway project that was completed in 2017 in the vicinity of the lands underlying the disputed federal grazing preference.  The Amended Complaint makes no mention of the APA.  Instead, it identifies seven claims for relief, including alleged violations of civil rights under 42 U.S.C. §§ 1983, 1985; claims under the Fifth and Fourteenth Amendments to the U.S. Constitution; and claims for "breach of trust,"

"concert of action," and "abuse of process" under unspecified authority. The Amended Complaint continues to name the United States Department of the Interior, the Secretary of the Interior, BLM, and BLM Nevada State Director as Defendants, but adds the United States Department of Transportation, Federal Highway Administration, Nevada Division Director, and the Secretary of Transportation as Defendants.

The Amended Complaint significantly changes the nature of Donald Alt's action. Undersigned trial counsel was assigned to this case insofar as it primarily involved Department of the Interior administration of livestock grazing privileges, but the addition of civil rights and Constitutional claims will necessitate addition of co-counsel from a different Division(s) within the Department of Justice, if not reassignment of the case altogether. Defendants would typically have 60 days in which to answer a complaint. *See* Fed. R. Civ. P. 12(a)(2). Given the nature of the Amended Complaint, which significantly modifies and expands the original Petition, it is appropriate to provide Defendants 60 days to evaluate and determine how to respond to the Amended Complaint.

Undersigned counsel has discussed this motion with Plaintiff Donald Alt, who has indicated that he does not oppose this motion.

June 17, 2022.                                  Respectfully submitted,

                                                TODD KIM
                                                Assistant Attorney General

                                                */s/ Paul A. Turcke*
                                                PAUL A. TURCKE

                                                *Counsel for Defendants*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2022, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, District of Nevada, using the Court's electronic case filing system. I also hereby certify that I transmitted the foregoing by U.S. Mail and e-mail to the following:

>Donald Alt
>3945 Cypress Street
>Silver Springs, NV 89429
>donalt1939@gmail.com

>/s/ Paul A. Turcke
>PAUL A. TURCKE

IT IS SO ORDERED:

UNITED STATES MAGISTRATE JUDGE

DATED: June 21, 2022