UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD ALT, a state of Nevada citizen,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    Defendants. | Case No. 3:21-cv-00353-RCJ-CLB<br><br>**ORDER** |

Plaintiff Donald Alt, representing himself *pro se*, filed an Amended Complaint in this case on June 10, 2022, (Dkt. 21), which Defendants United States, Deb Haaland, Jon Raby, Shayla Freeman Simmons, Pete Buttigieg, and Susan Klekar (collectively "Defendants") now move to dismiss. (Dkt. 31). Alt does not oppose Defendants' motion, but instead has filed a Motion to Dismiss or in the Alternative to Submit a Second Amended Complaint, (Dkt. 36), which Defendants oppose, (Dkt. 38).

For the following reasons, the Court grants Alt's motion as to dismissal, (Dkt. 36), and denies Defendants' motion, (Dkt. 31).

**FACTUAL BACKGROUND**

At issue in this case is "a dispute over a livestock grazing preference administered by the [Bureau of Land Management]." (Dkt. 31 at 2). Originally filed in August 2021, (Dkt. 1), Plaintiff's original pleading was dismissed with prejudice as to his state law claims and dismissed without prejudice to the extent it asserted a claim for judicial review of a final agency action under the Administrative Procedures Act ("APA"). The live pleading in this case, Plaintiff's Amended Complaint, (Dkt. 21), was filed pursuant to the Court's order granting Alt leave to amend with a directive that the complaint could only be amended so as to assert a claim under the APA. (*See* Dkt. 20). Currently, the live complaint in this case asserts seven new claims for relief, including violations of 42 U.S.C. §§ 1983, 1985, the Fourth Amendment, the Fifth Amendment among other common law claims. (*See generally* Dkt. 21). Notably, the Amended Complaint does not contain any claims under the APA. (*See* Dkt. 21).

Defendants filed a motion seeking dismissal of Alt's Amended Complaint on the grounds that leave to amend was limited to asserting a claim under the APA, for lack of jurisdiction under Rule 12(b)(1), and for failure to state a claim under Rule 12(b)(6). (Dkt. 31). Alt filed no response in opposition to Defendants' Motion. Instead, Alt filed his own motion asking the Court to dismiss this case without prejudice "under the justification of lack of jurisdiction," so that he can file a claim with the Department of the Interior. (Dkt. 36 at 1). Alternatively, Alt asks for leave to amend his complaint for a second time. (*Id.* at 2). Defendants oppose Alt's motion arguing that dismissal should instead be with prejudice and leave to amend should be denied because Alt failed to attach his proposed amended pleading to the motion, in violation of local rules. (Dkt. 38).

**LEGAL STANDARD**

Under Rule 41 of the Federal Rules of Civil Procedure, plaintiffs are permitted to voluntarily dismiss an action without a court order "on notice of dismissal before the opposing

party serves either an answer or a motion for summary judgment," or by "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). The effect of a voluntary dismissal is a dismissal without prejudice, unless the notice or stipulation state otherwise. Fed. R. Civ. P. 41(a)(1)(B). At the plaintiff's request, an action may also be voluntarily dismissed without prejudice by court order "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In the Ninth Circuit, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted).

## ANALYSIS

In their response to Alt's request for dismissal, Defendants offer no argument as to why a voluntary dismissal without prejudice would cause them to suffer any plain legal prejudice. (*See generally* Dkt. 31). Instead, Defendants urge the Court to grant dismissal because Alt's failure to respond to their motion "constitutes a consent to the granting of the motion." (Dkt. 38 at 4) (quoting LR 7-2(d)). Moreover, Defendants note that Alt "essentially concedes" that the Court lacks jurisdiction to hear this case. (*Id.*).

The Court finds it proper to dismiss this case without prejudice by court order pursuant to Alt's request. Because Defendants have failed to allege that they would suffer any plain legal prejudice as a result of a voluntary dismissal without prejudice, there is no basis for superseding Alt's request in favor of Defendants' request for a dismissal with prejudice. Moreover, "[c]ourts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants," which relieves pro se litigants "from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). Thus, the Court is not inclined to interpret Alt's briefing, or lack thereof, to be a manifestation of consent to dismissal with prejudice

for lack of jurisdiction or otherwise.

**CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Dkt. 31) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss or in the Alternative to Submit a Second Amended Complaint (Dkt. 36) is:

GRANTED as to voluntarily dismissal without prejudice,

DENIED as to leave to file an amended complaint.

IT IS FURTHER ORDERED that the Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated September 11, 2023.

_____
ROBERT C. JONES
United States District Judge